IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHEENA K.,

                           Plaintiff,                 Civil Action No.
                                                8:18-CV-0236 (GTS/DEP)

          v.

NANCY BERRYHILL, Acting Commissioner
of Social Security,

                           Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**[1]
SHEENA K., *Pro Se*
Clinton County Jail
25 McCarthy Drive
Plattsburgh, NY 12901

FOR DEFENDANT:

HON. GRANT C. JAQUITH             PRASHANT TAMASKAR, ESQ.
United States Attorney               Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1]     The clerk of the court is respectfully directed to serve a copy of this report and recommendation on plaintiff at the following alternative address, notated on the last envelope returned to the court: 11 Nightengale Dr., Plattsburgh, NY 12901-6110. *See* Dkt. No. 25.

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is an action brought by *pro se* plaintiff Sheena K. pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), challenging a determination by the Acting Commissioner of Social Security ("Commissioner") finding that she was not disabled at the relevant times, and therefore ineligible to receive disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI the Social Security Act.

When this action was filed, plaintiff was incarcerated. Since her release from the Clinton County Jail, plaintiff has failed to provide notice to the court advising of her new address. In addition, after the court undertook efforts to locate plaintiff, she failed to respond to the court's text order to show cause, which directed her to advise the court whether she intended to proceed with this case. Since it is apparent that plaintiff has failed to comply with the court's requirement that she notify the court of her further change of address, and she has indicated disinterest in pursuing this action by failing to respond to the court, I recommend that her complaint be dismissed.

I.    BACKGROUND

Plaintiff, who was represented by counsel at the time, commenced the present action on February 23, 2018. Dkt. No. 1. Her complaint was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"), in which she indicated that she had been confined to the Clinton County Jail, located in Plattsburgh, New York, since December 1, 2017. Dkt. No. 3; *see also* Dkt. No. 7. On March 9, 2018, Magistrate Judge William B. Carter, to which the matter was previously assigned, issued a text order granting plaintiff IFP status. Dkt. No. 8.

Following the filing of the administrative record of proceedings and evidence that was before the agency when the matter was administratively denied, *see* Dkt. No. 13, plaintiff's counsel advised the court on September 14, 2018 that he and plaintiff were unable to agree with respect to how to proceed in this matter and therefore requested permission to withdraw as plaintiff's attorney of record. Dkt. No. 15. According to the affidavit of service that accompanied counsel's request, plaintiff continued to be confined to the Clinton County Jail at that time. *Id.* Although the court afforded plaintiff an opportunity to address counsel's request, she did not file a response. Dkt. No. 16.

On October 19, 2018, the court granted counsel's unopposed request for permission to withdraw, and directed plaintiff to file a brief on or before November 28, 2018. Dkt. No. 17. At that time, plaintiff was also provided a copy of the court's General Order No. 18, which governs social security review proceedings. *Id.*

On December 7, 2018, when plaintiff failed to file her brief by the deadline set by the court, her deadline was *sua sponte* extended until December 28, 2018. Dkt. No. 19. When plaintiff again failed to file her brief, the court directed the Commissioner to file a brief by February 28, 2019. *See* Dkt. Entry dated 1/14/2019. A copy of that directive, which was mailed to plaintiff, was returned to the court on January 22, 2019, the envelope having been stamped to indicate that plaintiff was no longer incarcerated at the Clinton County Jail. Dkt. No. 20.

On March 13, 2019, the court issued a text order to show cause, in which plaintiff was "directed to file a status report . . . advising the court whether or not she intend[ed] to proceed with this case." Dkt. No. 23. Plaintiff was directed to contact the court on or before March 29, 2019. *Id.* Plaintiff failed to contact the court.

Despite plaintiff's change of circumstances, plaintiff has failed to provide a current address where she can be reached for the purpose of

receiving communications from the court and defendant's counsel. In addition, she has failed to respond to the court's directives.

II.    DISCUSSION

For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *3-*4 (5th Cir. Mar. 19, 1985)).[2] Plaintiff's only communication with the court regarding this

---

[2]    All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

action has been through her former attorney of record, and she has otherwise failed to update her address with the court, despite her release from incarceration. Plaintiff failed to respond to her former attorney's request to withdraw, and also failed to file a brief despite the court's *sua sponte* extension of her time to do so. Dkt. Nos. 16, 17, 19.

In addition, plaintiff failed to respond to the court's text order to show caused dated March 13, 2019, in which she was directed to contact the court to advise how she intended to proceed. Dkt. No. 23. At that time, plaintiff was expressly warned that her failure to comply with the court's directives could result in the dismissal of her complaint. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[3] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 9:04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation*

---

[3]    Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

6

*by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. It should be exercised with caution and restraint, however, because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau*, Inc., 839 F.2d 930, 932 (2d Cir. 1988))*; see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of the complaint at this juncture is warranted. The inability of the court to communicate with plaintiff is due solely to her

failure to provide the court with her new address since her release from incarceration in January of 2019. In addition, plaintiff failed to contact the court by March 29, 2019, as directed by the court's text order to show cause dated March 13, 2019. Dkt. No. 23. Given plaintiff's manifest disinterest in pursuing her claims in this action, I find that the need to alleviate congestion on the court's docket and the defendant's interest in defending against the claims asserted by plaintiff outweigh her right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding plaintiff for her conduct would be futile, given that plaintiff has ignored prior orders of the court and it is unclear that such order would even reach plaintiff due to her failure to provide the court with a current address following her release from custody.

III.    <u>SUMMARY AND RECOMMENDATION</u>

This matter obviously cannot proceed without notification to the court by plaintiff of her current address. Since plaintiff has failed to fulfill her obligation to provide such notification, it is hereby respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) in this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules

of Civil Procedure, based upon her failure to prosecute and to comply with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules; and it is hereby further

ORDERED that the clerk of the court serve a copy of this report and recommendation upon plaintiff at her alternative address, which is identified in footnote one.

---

[4]      If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

David E. Peebles
U.S. Magistrate Judge

Dated:    April 9, 2019
          Syracuse, New York